JOHNSON v. BARKER et al. (No. 482.)

(Court of Civil Appeals of Texas. Beaumont. July 8, 1919. Rehearing Denied Oct. 15, 1919.)

1. MECHANICS' LIENS ⬳281(3)—ACTION TO FORECLOSE CONTRACT LIEN.

In action to foreclose contract lien, where there was no contention as to whether contract had been complied with, the introduction in evidence of the notes and contract lien *held* to establish prima facie case for foreclosure of the lien.

2. MECHANICS' LIENS ⬳271(10), 277(2) — PLEADER IN FORECLOSURE OF CONTRACT LIEN.

In action to foreclose contract lien, plaintiff's failure to plead and prove compliance with the contract did not render judgment of foreclosure invalid; noncompliance with contract being a matter of defense.

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by Mary Johnson, by next friend, against D. Barker and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Stanley Thompson, of Houston, for appellant.

A. R. & W. P. Hamblen, of Houston, for appellees.

HIGHTOWER, C. J. This suit was filed in the district court of Harris county by appellant, Mary Johnson, acting by her next friend, Moses Westbrook, against D. Barker and M. F. Hammond; the latter being sued in his capacity as sheriff of Harris county, and the nature of the suit being a direct attack by appellant on a judgment that was obtained by the appellee D. Barker against appellant and others in the district court of Harris county, on May 14, 1917. The purpose of the former suit, judgment in which was sought to be set aside and canceled by this suit, was to have foreclosed an express contract lien and deed of trust against a small tract of land, which it is claimed by the appellant in this suit constituted the homestead of herself and husband at the time the contract lien and deed of trust were executed.

The record in this cause shows without reasonable dispute, we think, the following facts:

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the 17th day of October, 1912, one A. J. Johnson and appellant, Mary Johnson, who were at that time husband and wife, entered into a written contract with another A. J. Johnson, who it seems was a building contractor, by which it was stipulated and agreed that the said contractor, A. J. Johnson, in consideration of $1,055, would erect and construct for the said Mary Johnson and her husband a dwelling house on a small tract of land in Harris county, being of the dimensions of 71x250 feet, which property constituted the homestead of said Mary Johnson and her then husband, A. J. Johnson. The dwelling was to be erected in accordance with certain specifications and in a workmanlike manner, and at the time of the execution of the written contract between the parties it was agreed that the consideration to be paid by Mary Johnson and her husband should be evidenced by 20 promissory notes, the first 19 being for the sum of $42 each, and the twentieth being for the sum of $257. The notes were executed by Mary Johnson and her husband, A. J. Johnson, and one of these notes became due every three months, and each provided for interest at the rate of 8 per cent. per annum from maturity, and also for the usual attorneys' fees, etc. The written contract between the parties expressly provided that A. J. Johnson, the contractor, should have a lien on the premises above described to secure the payment of said notes, and this written contract and lien was duly acknowledged by both Mary Johnson and her husband, A. J. Johnson, as required by the statute in order to fix a lien upon a homestead. At the same time this express contract lien was executed by the parties, Mary Johnson and her husband also executed in favor of the contractor, A. J. Johnson, a deed of trust as additional security for the erection and construction of said dwelling.

Some time after the execution of the contract lien, notes, and deed of trust above mentioned, A. J. Johnson, the contractor, by written assignment, transferred and assigned the same to Texas & Louisiana Lumber Company, which concern also in writing transferred and assigned the same to the appellee D. Barker.

It appears from the record that only the first six notes executed by Mary Johnson and her husband, A. J. Johnson, were ever paid, and D. Barker, being the owner and holder of the remaining unpaid notes and contract lien and deed of trust given to secure the payment of same, filed suit in the district court of Harris county against Mary Johnson and her husband, A. J. Johnson, and also the heirs of A. J. Johnson; it being alleged by the plaintiff Barker in that suit that the residence of A. J. Johnson was unknown, and also the residence of his heirs, if any, was unknown, and they were duly cited

in that suit by publication, and Mary Johnson, who the plaintiff alleged was non compos mentis at that time, was cited by personal service, and the court appointed an attorney for said defendants cited by publication and also a guardian ad litem for said Mary Johnson in said cause.

The attorney appointed for the defendants cited by publication appeared and filed an answer for them, consisting of a general demurrer and general denial, and also, as it seems from the record, appeared in his capacity as guardian ad litem for Mary Johnson; but the record does not disclose the nature of the answer, if any, filed by him for her.

Upon the trial of the former cause, at the conclusion of the evidence the court peremptorily instructed a verdict (a jury having been demanded) in favor of the plaintiff, D. Barker, and upon the verdict so instructed entered judgment foreclosing the contract lien on the premises in question, but did not render a personal judgment against any of the defendants for the unpaid balance due upon said notes; this for the reason that, at the time of their execution Mary Johnson being a married woman, no personal judgment could be rendered against her on the notes, and at the time of the trial it being shown that her husband, A. J. Johnson, was dead, no personal judgment was rendered against him on the notes. This judgment was not appealed from and was not in any manner altered or modified or questioned until this suit was filed by appellant attacking same.

The grounds of attack made upon the former judgment by the appellant in this case, according to her petition, are substantially as follows:

She alleged that at the time of the execution of the contract, lien, and notes sued on in the former suit, she (appellant, Mary Johnson) was of unsound mind and incapable of making any contract, and especially incapable of executing said notes and contract lien; that said contractor, A. J. Johnson, and D. Barker, the plaintiff in the former cause, and said Texas & Louisiana Lumber Company, each knew or ought to have known that she was of unsound mind at the time she executed said notes and contract lien; that service of citation in the former suit was made upon A. J. Johnson, her former husband, and his heirs by publication, and that, in fact, said A. J. Johnson was dead at the time the former suit was commenced; that she (appellant) was sued in the former action as a non compos mentis, and no answer was ever filed in said cause by her or by any one for her; that the land upon which the foreclosure was sought to be made in the former suit was, at the time of the execution of said notes and contract lien, the homestead of

herself and husband, and neither she nor her husband ever appeared in said former suit; that a judgment was obtained in said cause and the property levied upon and sold, and it was bought in by said Barker; and that Sheriff Hammond was attempting to dispossess appellant, Mary Johnson, claiming authority to do so under said judgment and writ of possession thereon.

Appellant further attacks the former judgment on the ground that same did not pronounce a personal judgment on any of the notes sued on; further, that the petition upon which the judgment in the former suit was based did not allege that the contractor, A. J. Johnson, had ever built or constructed the dwelling called for in the written contract between the parties, or that he ever erected any improvements upon the premises, and that the statement of facts filed in the former cause failed to show that any evidence was ever given to the effect that the improvements called for in said contract or any improvements had been built or made by said contractor or any one else; that no answer was filed by Mary Johnson in said former suit or by any one for her; that no notice of sale made by the sheriff of Harris county of said premises was served upon her, as required by law.

Appellant in this case further alleged that the judgment in the former suit and sale thereunder should be set aside for the reason that she had a good and valid defense against said notes, in that she was of unsound mind at the time of their execution and was incapable of executing said notes and contract lien, and that Mr. Russell Goss, who was appointed as guardian ad litem by the court for her, made no investigation as to the facts of her defense, and that, had he done so, he would have learned that she had a valid defense in said cause; that the said Mary Johnson never knew that said judgment had been rendered until long after the term of court had expired.

It is further alleged in this case that said notes as sued on in the original suit were never signed or executed even by A. J. Johnson, appellant's husband, himself, nor were the same executed by his authority; and she further alleged, in effect, that no written contract, such as the statute contemplates where a homestead is involved, was ever executed, and that therefore no valid lien was ever created upon the premises in question.

The prayer of appellant was, in substance, that the former judgment and sale thereunder be canceled and set aside, as constituting a cloud upon her title, and for injunction against interference with her possession, etc.

The appellees in this case answered by general demurrer and general denial, and further specially alleged that Russell Goss, who was the attorney appointed by the court and guardian ad litem in the former suit, appeared and answered as such in said suit, both for Mary Johnson and said other defendants, and then specially pleaded the judgment in that suit and sale thereunder, and further specially alleged that the improvements on the property in question were made by the contractor, A. J. Johnson, in accordance with his contract and agreement, and prayed that plaintiff take nothing by this suit, etc.

The appellant in due time and form objected and excepted to the action of the trial court in peremptorily instructing a verdict in favor of appellees, and has duly assigned error in this court to the action of the trial court in that regard.

The contentions of appellant under this assignment are, substantially, as follows:

First. It is contended that the statement of facts in the former suit fails to show that any evidence whatever was offered showing that the contract sought to be foreclosed in that suit had ever been complied with on the part of the contractor, and that there was no allegation in the plaintiff's petition in said former suit to that effect, and that in such circumstances the judgment in the former suit foreclosing a contract lien on the homestead was unauthorized and void.

[1, 2] Several authorities are cited by appellant, which it is contended support this proposition; but upon examination of them we find that they have no application to the proposition here contended for. It might be conceded that, in order to constitute a valid lien in favor of a contractor for improvements upon property constituting the homestead of a family, such contractor must comply substantially with the terms of such contract, and in a suit by him or his assignee to foreclose such a lien, if it should develop that the contractor did not substantially comply with his contract, there could be no lien foreclosed against the homestead property. In the former suit between the parties, however, there was no contention whatever that the contract as entered into between them for the construction of the dwelling house was not substantially complied with, and no such contention being made, and plaintiff in that case having introduced his notes and contract lien, made a prima facie case for foreclosure of the lien, as claimed by him, and the court was not in error in so decreeing. Noncompliance with the contract on the part of the contractor was a matter of defense, if there was such noncompliance, and the failure on the part of the plaintiff, Barker, in the former suit, to plead and prove a compliance with the contract between the parties, did not render the judgment in that cause invalid. Now in this case, while it is alleged that the contract was never in fact complied with, we fail to find any proof in

the record to that effect, but, on the contrary, think that the only evidence on the point suggests with reasonable certainty that the contract for the erection of the building on the homestead property was, in fact, substantially complied with, and that there was no contention to the contrary for approximately five years after possession and use of the dwelling by appellant, Mary Johnson.

It is next contended that the undisputed testimony in this case is to the effect that the purported signature of A. J. Johnson, appellant's husband, to the notes above mentioned, with the exception of two, were forgeries, and that, such being the facts, there could have been no recovery, etc.

We have carefully looked into the record as to this contention, and we find, without going into detail, that there was really not a scintilla of evidence that any one of these notes was a forgery. There is nothing in this contention.

The next contention is that the undisputed testimony in this cause is to the effect that, at the time Mary Johnson signed the notes and contract lien above mentioned, she was of unsound mind, and that therefore the notes and lien were not enforceable against her.

After a careful consideration of the testimony as shown by the record in this case, we are clearly of the opinion that there was no evidence adduced upon the trial showing that, at the time Mary Johnson executed the notes and contract above referred to in 1912, she did not have mental capacity to understand the nature and obligation of her contract. In other words, that she was incapacitated to make such contract. We think the trial court was clearly right in not submitting such an issue to the jury.

The next and last contention is, substantially, that the attorney and guardian ad litem appointed in the former suit made no effort to protect the interest of his clients by investigating the facts, etc., to see whether or not there was a defense to that action.

Upon examination of the record, we fail to find that the proof discloses that said attorney made no effort to investigate the facts in the former suit, and we think that this contention by appellant must be held to be without support in the record. There is no allegation that there was any fraud or collusion practiced in the former suit to which the attorney and guardian ad litem appointed by the court was a party, or of which he had any knowledge.

Upon the record before us, we are of opinion that appellant failed to make any such showing on the trial as would have authorized the trial court to have set aside the judgment in the former suit, and its judgment in declining to do so will therefore be affirmed; and it will be so ordered.

